IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In Re:<br>**BARRY A. MOORE**<br>**DORIS T. MOORE**<br><br>    **Debtors.** | Case No.<br>**15-01059-5-SWH**<br><br>**CHAPTER 11** |

### OBJECTION BY WM CAPITAL PARTNERS XXXVIII, LLC TO DEBTORS' PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

    **COMES NOW** WM Capital Partners XXXVIII, LLC ("WM Capital"), by and through its undersigned counsel, and objects to the Debtors' Plan of Reorganization and Disclosure Statement, and in support thereof shows unto the Court as follows:

1. The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on February 25, 2015.

2. On May 28, 2015, the Debtors filed a Plan of Reorganization (the "Plan") and a Disclosure Statement ("Disclosure Statement").

3. WM Capital is the holder of a judgment against the Debtors entered on August 7, 2014. Pursuant to the judgment, WM Capital had a secured claim of $907,184.15 as of the petition date.

4. WM Capital has or will submit a ballet rejecting the Plan.

### OBJECTION TO DISCLOSURE STATEMENT

5. WM Capital objects to the Disclosure Statement because it fails to provide adequate information to enable WM Capital and other creditors to make an informed judgment regarding the Plan. The Disclosure Statement is deficient in that it fails to provide any type of reliable feasibility analysis or other documentation to show that the Debtors will be able to make the payments required by the Plan.

6. The Disclosure Statement does not include any financial projections regarding the Debtors' income. In addition, the Disclosure Statement contains no information concerning the operations of or financial projections pertaining to CapeSide Addiction Care, PLLC, which is 100% owned by the male debtor. The Debtors both receive income from this company. The same is true for CapeSide Psychiatry, PLLC, another entity 100% owned by the male debtor.

7. The Disclosure Statement lacks information or data supporting the value of CapeSide Addiction Care, PLLC and CapeSide Psychiatry, PLLC (collectively "CapeSide"). There

is no disclosure of whether any family members or other insiders are working for CapeSide. Historically, at least one child of the Debtors has worked in their closely held companies. It would be important to creditors to know whether any insiders will be working for CapeSide and their compensation.

8. Upon information and belief, CapeSide Addiction Care, LLC is a new company that will operate the same basic business model as Precision Health Care Services, Inc. and ACT Medical Group P.A., two companies owned and operated by the Debtors which both have gone out of business due to an inability to meet their financial obligations. The only information provided to explain why the third attempt at operating the same business model with CapeSide will net a different result is a statement in the Plan that the male debtor believes he has adapted to the changes in health care law that will enable a successful reorganization.

## **OBJECTION TO PLAN**

9. The claim of WM Capital is identified in Class 7 of the Plan which provides that the claim will be treated as an unsecured claim in the Class 8 Unsecured General Class.

10. The Plan proposes to pay the Class 8 General Unsecured Class a total of $25,000.00 over five (5) years in quarterly payments plus interest at the federal judgment rate. The payments will begin one (1) year from the Effective Date. The Debtors propose to pay the unsecured creditors approximately 1% of the total claims in the class.

11. The Plan does not comply with the applicable provisions of the Bankruptcy Code.

12. The claim of WM Capital is impaired, and it does not accept the Plan.

13. The Plan has not been proposed in good faith. If confirmed, the Plan would allow the Debtors to continue to live in a home worth in excess of one million dollars and otherwise maintain their lifestyle while paying next to nothing to their unsecured creditors.

14. The Plan also fails to disclose the identity of any family members or insiders that will be employed by the Debtors and the nature of the compensation for such insiders.

15. The Plan does not satisfy the "best interest of creditors" or "liquidation" test. The Debtors have the burden of proving that WM Capital will receive no less under the Plan than it would receive if the Debtors were liquidated under Chapter 7. Because of the lack of data regarding the valuation of the Debtors' assets, it is not clear that this test is satisfied.

16. The cash flow of the Debtors is critical to reflect what they can pay creditors from existing and projected revenue sources. When a creditor holding an allowed unsecured claim objects to confirmation of a plan, the Debtor must either (1) distribute property of a value as, of the effective date of the plan, equal to the "amount of such claim"; (2) fund the plan with property of a value not less than the projected disposable income of the

Debtors as defined in §1325(b)(2), for the longer of five (5) years beginning with the first payment due under the plan or the term of the plan, whichever is longer. The Plan provides no projections regarding the Debtors' cash flow and disposable income for the relevant 5 year period.

17. Based on the Monthly Reports filed in the case, the Debtors are receiving aggregate income from $16,000-$20,000 a month from CapeSide, social security benefits and retirement benefits. A combined monthly revenue stream in this amount should result in significant disposable income to pay into the Plan for the benefit of the unsecured class.

18. The Plan contains no restrictions on how the Debtors use their excess income during the period prior to payment of the unsecured class. Thus, the Debtors could give it away to family or charity and such gifts or transfers would not violate the Plan.

19. Upon information and belief, the Plan is not feasible, and confirmation of the Plan is likely to be followed by the liquidation, or the need for further reorganization of the Debtors.

20. The Plan is not "fair and equitable" with respect to Class 7 and Class 8 in violation of 11 U.S.C. § 1129(b). First, one year of no payments followed by a five (5) year amortization is unreasonable. Second, the Plan proposes to pay the unsecured class of creditors approximately 1% of the total claims while the Debtors' lifestyle remains unchanged and they continue to operate their various businesses.

21. The Plan does not propose to pay unsecured creditors in full prior to the Debtors retaining or receiving property. The Debtors are proposing to retain significant property, including the ownership of numerous businesses. The Plan violates the absolute priority rule, is not "fair and equitable" and violates 11 U.S.C. § 1129(b)(2)(B).

22. WM Capital reserves its right to amend and raise other objections prior to and at the hearing on the Disclosure Statement and confirmation of the Plan.

WHEREFORE, WM Capital respectfully requests the Court to rescind conditional approval of the Disclosure Statement and deny confirmation of the Plan.

Dated: July 24, 2015

                                    FLETCHER, TOLL & RAY, L.L.P.

                                    s/ David L. Ray
                                    David L. Ray, State Bar No. 18380
                                    Attorneys for WM Capital Partners XXXVIII, LLC
                                    131 Racine Drive, Suite 201
                                    Wilmington, NC 28403
                                    Telephone: 910-251-9900
                                    Email: dray@ftr-law.com

# **CERTIFICATE OF SERVICE**

I, David L. Ray, of Fletcher, Toll & Ray, LLP, certify:

That I am, and all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Objection by WM Capital Partners XXXVIII, LLC to Debtors' Plan of Reorganization and Disclosure Statement:

Barry A. Moore (Via First-Class Mail)
336 Old Point Loop
Hampstead, NC 28443
*Debtor*

Doris T. Moore (Via First-Class Mail)
336 Old Point Loop
Hampstead, NC 28443
*Debtor*

William H. Kroll (Via CM/ECF)
Stubbs & Perdue, P.A.
920 Falls of Neuse Road, Suite 201
Raleigh, NC 27615
*Attorney for Debtor*

Marjorie K. Lynch (Via CM/ECF)
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
*Bankruptcy Administrator*

by depositing same in the United States mail, first class, postage prepaid and/or by electronic filing, as indicated above.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 24, 2015.

                                        FLETCHER, TOLL & RAY, L.L.P.

                                        s/ David L. Ray
                                        David L. Ray, State Bar No. 18380
                                        Attorneys for WM Capital Partners XXXVIII, LLC
                                        131 Racine Drive, Suite 201
                                        Wilmington, NC 28403
                                        Telephone: 910-251-9900
                                        Email: dray@ftr-law.com